# United States District Court
## District of North Dakota
## Southeastern Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**Jason Roy Horn** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:   **3:07CR45**<br><br>USM Number:   09698-059<br><br>Russell Myhre, Valley City, ND<br>Defendant's Attorney |

**THE DEFENDANT:**
plead guilty to count <u>1 of the Information</u>.

Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 | Conspiracy to possess with intent to distribute & distribute controlled substance | 01/01/2005 | 1 |

The defendant is sentenced as provided in pages 2 through <u>4</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100, for count 1, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court, Quentin N. Burdick, U.S. Courthouse, 655 1st Avenue North, Suite 130, Fargo, North Dakota.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

September 24, 2007
Date of Imposition of Judgment

*Ralph R. Erickson* (signature)
Signature of Judicial Officer

**RALPH R. ERICKSON**, United States District Judge
Name & Title of Judicial Officer

Sept. 27, 2007
Date

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

CASE NUMBER:     3:07CR45                                          Judgment - Page 2 of 4
DEFENDANT:       Jason Roy Horn

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 198 MONTHS.

The court makes the following recommendations to the Bureau of Prisons:

That the defendant be afforded the opportunity to participate in the Residential Drug Abuse Program (RDAP) of the Bureau of Prisons pursuant to 18 USC Section 3621(e).

That the defendant be allowed to serve time in a facility close to his residence that is appropriate for his care and rehabilitation.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
before 2:00 PM on October 24, 2007.
[

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____, with a certified copy of this judgment.

                                                    _____
                                                         UNITED STATES MARSHAL

                                              By    _____
                                                         Deputy U.S. Marshal

| | |
|---|---|
| CASE NUMBER: 3:07CR45 | Judgment - Page 3 of 4 |
| DEFENDANT: Jason Roy Horn | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 10 YEARS .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant has been convicted of an offense listed in the DNA Analysis Backlog Elimination Act of 2000 or the Justice for All Act of 2004.  These acts require the defendant to cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties page of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| CASE NUMBER: | 3:07CR45 | Judgment - Page 4 of 4 |
|---|---|---|
| DEFENDANT: | Jason Roy Horn | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall abstain from the use of alcohol and illegal drugs or the possession of controlled substances as defined in Title 21 U.S.C. Section 802, unless prescribed by a licensed practitioner.

2. The defendant will submit to random substance abuse testing as directed by the supervising probation officer.

3. The defendant will be required to participate in a treatment program for alcohol and drug use as approved by the supervising probation officer.

4. The defendant shall submit his person, residence, workplace, vehicle, computer, and/or possessions to a search conducted by a United States Probation Office based upon evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

5. The defendant be required to fully disclose his financial situation at the supervising probation officer's request.

6. Defendant required to participate in the Inmate Financial Responsibility program so he can make child support payments while incarcerated. While the defendant is in the custody of the Bureau of Prisons, support shall be paid in monthly installments equal to 75 percent of the UNICOR earnings for that month. If the defendant is not employed by UNICOR, payment shall be equal to 25 percent of the inmate's earnings or not less than $25 per quarter. Payments shall begin upon issuance of the inmate's first payment from the Bureau of Prisons.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
         Defendant                                                                                         Date

_____    _____
U.S. Probation Officer/Designated Witness                                      Date